**Raul MARTINEZ, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 48915.**

Court of Criminal Appeals of Texas.

July 24, 1974.

No attorney on appeal, for appellant.

Jim D. Vollers, State's Atty., and Larry Gist, Asst. State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

This is an appeal from a conviction for the felony offense of willfully interfering with a police officer in the lawful discharge of his duties; i.e., "in the exercise of functions intended to control, reduce, and contain injury to persons and property during a civil disturbance", with the punishment being assessed at two (2) years, probated.

We are initially confronted with jurisdictional problems in reference to this appeal. The record reflects that appellant, on his plea of not guilty to a jury, was convicted on the jury's verdict entered on December 14, 1973. On that same date, the trial court considered evidence on the issue of punishment, assessed a two (2) year term in the Texas Department of Corrections and then probated the sentence, with appellant acknowledging receipt of the judgment of probation on that date.

The record further reflects that written notice of appeal was filed with the District Clerk's Office, as acknowledged by the trial court's docket sheet, on December 26, 1973. The record does not contain a statement of facts, nor an appellant's brief, and the transcript does not show that a motion for new trial was ever filed. The record before us does not reflect that a timely notice of appeal was filed in this case. Art. 44.08(b), Vernon's Ann.C.C.P. requires that:

" . . . in probation cases where imposition of sentence is suspended, such notice [of appeal] shall be given or filed within ten days after overruling of the motion or amended motion for new trial and *if there be no motion or amended motion for new trial, then within ten days after entry of judgment on the verdict* (emphasis supplied)."

■ In the case at bar, since no motion for new trial was filed, appellant was required to file his notice of appeal within ten days after December 14, 1973, which was the date of judgment on the verdict.

Morton v. State, 502 S.W.2d 121 (Tex.Cr.App.1973). See and compare Perez v. State, 496 S.W.2d 627 (Tex.Cr.App.1973); Menasco and Hill v. State, 503 S.W.2d 273 (Tex.Cr.App.1973).

We therefore conclude that the notice of appeal filed on December 26, 1973 was two days late, and since the record does not contain a showing that belated notice of appeal was allowed for "good cause shown", then this appeal must be dismissed. See Adams v. State, 440 S.W.2d 844 (Tex.Cr.App.1969); Robinson v. State, 505 S.W.2d 298 (Tex.Cr.App.1974); McCuin v. State, 504 S.W.2d 512 (Tex.Cr.App.1974).

No different result is required even though we note that the last day for filing of the notice of appeal fell on Christmas Eve. Under Art. 4591, Vernon's Ann.Civ. St., as amended, effective August 27, 1973, we note that only Christmas Day, itself, is declared a *legal* holiday. The rule for computing the period of days allowed by the provisions of the Code of Criminal Procedure is found in Sec. 2.04 of Art. 5429b–2, V.A.C.S., which reads:

"(a) In computing a period of days, the first day is excluded and the last day is included.

(b) If the last day of any period is a Saturday, Sunday, or legal holiday, the period is extended to include the next day which is not a Saturday, Sunday, or legal holiday."

See also Barbee v. State, 432 S.W.2d 78 (Tex.Cr.App.1968), cert. denied, 395 U.S. 924, 89 S.Ct. 1779, 23 L.Ed.2d 241, rehearing denied, 396 U.S. 870, 90 S.Ct. 42, 24 L.Ed.2d 127.

Even though this appeal must be dismissed, the trial court may, upon a showing of good cause as provided by Art. 44.08(e), V.A.C.C.P., still permit notice of appeal, and, in such event, proceedings may be held in the trial court pursuant to Art. 40.09, V.A.C.C.P.

■ It should be noted that the phrase "good cause" as used in Art. 44.08(e), V. A.C.C.P., authorizing the trial court to per-

mit the giving of late notice of appeal, necessarily implies that such finding will be based upon sufficient evidence. When the trial court does thus permit the giving of late notice of appeal, it is subject to the review of this Court to determine whether "good cause" has been shown. Evidence in the record must support the trial court's order. The supportive evidence should be made by affidavit or sworn testimony. See Menasco and Hill v. State, 503 S.W.2d 273 (Tex.Cr.App.1973) (on motion to reinstate appeal).

The appeal is dismissed.