**Carlos Cerda MENDEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 0319–95.**

Court of Criminal Appeals of Texas, En Banc.

Jan. 17, 1996.

### OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

McCORMICK, Presiding Judge.

Appellant pled nolo contendere and was convicted in a bench trial of aggravated assault with a deadly weapon. After a hearing the trial judge set punishment at 6 years' confinement in the Institutional Division of the Texas Department of Criminal Justice and a $500.00 fine. The Court of Appeals reversed the conviction and remanded for a new trial. *Mendez v. State*, 892 S.W.2d 81 (Tex.App.—Texarkana 1994). We granted the State's petition for discretionary review in order to address whether the Court of Appeals erred in holding that it had jurisdiction to decide this appeal because appellant's notice of appeal was not timely filed. We reverse the judgment of the Court of Appeals and remand to dismiss this appeal for lack of jurisdiction.

Appellant was sentenced on November 24, 1993. Accordingly, his motion for new trial was due on December 24, 1993. December 24, 1993, was a Friday, and the courthouse was closed. Appellant's counsel filed a motion for new trial on Monday, December 27, 1993, the next day that the courthouse was open. The State contends that appellant's motion for new trial was untimely as December 24 is not a legal holiday and was not a Saturday or Sunday in 1993.

---

The Court of Appeals held that appellant's motion for new trial was timely by applying a Texas Supreme Court case, *Miller Brewing Co. v. Villarreal,* 829 S.W.2d 770, 772 (Tex. 1992), which said that a legal holiday included a day on which the courthouse was closed by direction of the county commissioners' court. Although the Court of Appeals recognized in *Martinez v. State,* 511 S.W.2d 934, 935 (Tex.Cr.App.1974) that December 24 is not a legal holiday, it simply dismissed this precedent as having "not been cited for this proposition since 1975." [1]

A motion for new trial if filed may be filed prior to, or shall be filed within 30 days after, date sentence is imposed or suspended in open court. Tex.R.App.P. 31(a)(1). In computing the time period "the last day of the period so computed shall be included, unless it is a Saturday, Sunday or legal holiday, in which event the period extends to the end of the next day which is not a Saturday, Sunday or legal holiday." Tex.R.App.P. 5(a).

By the express provisions of the Texas Government Code, a legal holiday includes only a national holiday under Section 662.003(a) or a state holiday under Section 662.003(b)(1)–(6). December 24 is not a legal holiday as that date is set out in Texas Government Code Section 662.003(b)(8). We see no reason to overrule a case that has been the law for some twenty years or to make an exception to the express written provision of a statute.

We hold that December 24 is not a legal holiday, and therefore, appellant's motion for new trial was untimely. Since appellant's motion for new trial was untimely, his notice of appeal was due on December 24, 1993. *See* Tex.R.App.P. 41(b)(1). Appellant's notice of appeal was not filed until February 22, 1994. Therefore, appellant's notice of appeal was untimely filed.

We reverse the judgment of the Court of Appeals and remand to the Court of Appeals to dismiss this appeal for lack of jurisdiction.

CLINTON and OVERSTREET, JJ., dissent.

1. A review of the former and current statutes reveals that the Government Code essentially recodified the statute under which we decided the

MANSFIELD, J., I join the opinion of the Court and note that appellant, upon finding the courthouse was closed, could have timely filed his appeal by mailing it that day. Tex. R.App.Proc. 4(b).

MEYERS, Judge, concurring.

I write separately in order to confront the issue that the majority opinion fails to address: What do we do about *Pacheco v. State,* 757 S.W.2d 729 (Tex.Crim.App.1988)? Specifically, can we dismiss Footnote 1 in *Pacheco* as dicta or is it, instead, a holding with precedential value?

*Pacheco* presented a situation in which appellant's designated time to appeal the ruling from the court of appeals expired on December 24. Unfortunately, the courthouse at which he attempted to file his Petition for Discretionary Review (hereinafter, PDR) was closed that day. Appellant therefore filed his PDR on December 27 since both December 25 and 26 were legal holidays on which the courthouse was closed. Writing for this Court, Judge Clinton stated that it was "impossible for appellant to file his PDR" on December 24 because of the courthouse closure. *Id.* at 730 n. 1. Thus, although the record reflected that December 24 was not a legal holiday, this court nevertheless considered appellant's PDR as timely filed. *Id.*

We should not simply ignore *Pacheco*'s footnote, nor should we dismiss it as dicta. Although not central to the arguments articulated on the merits of the case, *Pacheco*'s Footnote 1 was essential to reaching those merits. In other words, the result of *Pacheco* hinged on the proposition presented in Footnote 1 since that resolution validated our jurisdiction to hear the case. The nature of Footnote 1 as a holding, rather than dicta, is further evidenced by the fact that this Court did not merely mention the State's jurisdictional doubts in passing, but instead addressed its contentions with both an explanation and a conclusion.

*Martinez* case. We will therefore construe this Government Code provision the same as the prior statute.

It seems to me, however, that the precedential value of Footnote 1 is limited. This Court treated the State's jurisdictional argument perfunctorily and gave no indication that the question was extensively briefed or argued by the parties. Additionally, the holding in the footnote remains peripheral to the main thrust of the discussion in *Pacheco* and subsequent case law has not cited to it for support. Most importantly, however, this Court would be ill-advised to follow the jurisdictional holding in *Pacheco* in light of present statutory laws. I would therefore overrule *Pacheco*'s Footnote 1 to the extent that it supports the dissenting opinion.

Specifically, I refer this Court to Tex. R.App.P. 31(a)(1), which states that a motion for a new trial should be filed before or within 30 days after the "... date sentence is imposed or suspended in open court". I would compute this thirty day period by excluding the day the court imposed the sentence, but including the last day of the thirty day period "unless it is a Saturday, Sunday or legal holiday, in which event the period extends to the end of the next day which is not a Saturday, Sunday or legal holiday". Tex.R.App.P. 5(a). Thus, as Judge McCormick correctly notes in his majority opinion, appellant's thirty day period began on November 24, 1993 and ended on December 24, 1993—*not* on December 27, 1993 as appellant contends. December 24 was not a Saturday, Sunday or legal holiday. Although Judge Baird, in his dissenting opinion, may wish to interpret Tex.R.App. 5(a) consistently with *Miller Brewing Co. v. Villarreal*, 829 S.W.2d 770 (Tex.1992) by holding that a "legal holiday" constitutes any day on which the clerk's office is officially closed, his interpretation defies the definition of "legal holiday" set forth in Gov.Code Section 662.021.[1] The legislature's definition of "legal holiday", as explained in Judge McCormick's opinion, does not include December 24 and we are not at liberty to ignore it.

Finally, I note that the instant case does not present a situation of unforeseeable circumstance, such as a meteor shower pummelling the courthouse to the ground, nor do I presume to suggest how the rule would operate had such a circumstance existed. Instead, I direct this Court to Gov.Code Sections 662.003(b) and 662.004. Together, these provisions deem December 24 a state holiday on which a state agency need not employ sufficient staff to conduct public business. Thus, the Government Code notifies practitioners that the courthouse may very well be closed on December 24, despite crucial deadlines. Such provisions may appear unfair in that they forced the lawyer in this case to either file his papers early or, if he needed the full thirty days, to mail them to the courthouse clerk on December 24 in order to have timely filed his motion. *See* Tex.R.App.P. 4(b). We are not, however, asked to assess the fairness of the rules as applied to the circumstances of this case, but, instead, to interpret those rules and determine how the legislature intended them to operate. Questions of fairness may arise later if the appellant decides to file a writ of habeas corpus claiming, for example, ineffective assistance of counsel. In fact, a bulk of the habeas petitions granted by this Court arise out of such claims and appellant is not foreclosed from filing such a claim with this Court.

Because the only matter presented here for review is the straight-forward interpretation of the statutes and rules, I concur in the judgment of the Court and join its opinion.

WHITE, J., joins.

BAIRD, Judge, dissenting.

I respectfully dissent to the majority's conclusion that appellant's motion for new trial was not timely filed.

The majority fails to address two pertinent cases which, if followed, establish appellant's motion for new trial was timely filed. The case of *Pacheco v. State*, 757 S.W.2d 729 (Tex.Cr.App.1988), is directly on point. Pa-

---

1. Gov.Code § 662.021 states:
   A legal holiday includes *only* the following days:
   (1) a national holiday under Section 662.003(a); and

   (2) a state holiday under Sections 662.003(b)(1) through (6). (emphasis added)

checo's petition for discretionary was due to be filed on Monday, December 24, 1984. However, the clerk's office of the El Paso Court of Appeals was closed on December 24, 25 and 26 and the petition was not filed until December 27, 1984. The State contended the petition should be dismissed as untimely filed. We rejected that contention and considered the petition timely filed, holding it was impossible for Pacheco to file his petition because the clerk's office was closed. *Id.* 757 S.W.2d at 729, n. 1. *Pacheco* did not cite the case relied upon by the majority, *Martinez v. State*, 511 S.W.2d 934 (Tex.Cr. App.1974). Consequently, one could argue that *Pacheco sub silentio* overruled *Martinez.* At the very least, there is an obvious conflict between these two cases which the majority fails to recognize and resolve.[1]

Further, the Texas Supreme Court addressed this issue in *Miller Brewing Co. v. Villarreal*, 829 S.W.2d 770 (Tex.1992), and held that a legal holiday included a day which the commissioners court in the county in which the case is pending has determined to be a holiday, or on which the clerk's office for the court in which the case is pending is officially closed. *Id.* 829 S.W.2d at 772. The Court of Appeals relied on *Miller* in resolving the instant case, finding no reason to apply the rule differently in criminal cases than in civil cases. *Mendez v. State*, 892 S.W.2d 81, 82. In this vein, the majority has not convinced me there is a reason for a different construction.[2] Rather, the majority's conclusion is based entirely on *Martinez* which, as noted above, was *sub silentio* overruled by *Pacheco.*

The consequence of the majority's action today is to deliver an opinion in direct conflict with *Pacheco* and *Miller.* The majority opinion will only serve to confuse the bench

and bar and lead to further litigation. Although there may be instances where the interpretations of our rules will differ in a civil and a criminal context, this is not one of them. Consequently, I would interpret Tex. R.App.P. 5(a) consistent with *Miller* and hold a legal holiday includes a day on which the clerk's office for the court in which the case is pending is officially closed.

With these comments, I respectfully dissent.

---

1. In order to confront what he calls an "issue that the majority fails to address," *ante* at 580, Judge Meyers discusses *Pacheco* and comes to the conclusion that it should be overruled. *Ante* at 581.

2. In this regard, Judge Meyers believes we are not at liberty to ignore the legislature's definition of "legal holiday." *Ante* at 581. In the context of this case, the term "legal holiday" comes from Tex.R.App.P. 5(a) which does not refer to Gov.

Code § 662.021 which provides the Legislature's definition for legal holiday. We are not constrained to follow the Legislature's definition when interpreting our own rules. *Luciano v. State*, 906 S.W.2d 523, 525 (Tex.Cr.App.1995) ("We are not bound by the definition of term found in codes or statutes when interpreting those terms in our own rules."). Therefore, notwithstanding Judge Meyers' statement to the contrary, we are at liberty to ignore the Legislature's definition of legal holiday, just as the Supreme Court did in *Miller, supra.*