NUMBER 13-00-390-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

__________________________________________________________________


ANDRA DECORS RUTHERFORD , Appellant,

v.



THE STATE OF TEXAS , Appellee.

__________________________________________________________________


On appeal from the 354th District Court

of Hunt County, Texas.

__________________________________________________________________


O P I N I O N

Before Chief Justice Valdez and Justices Yañez and Castillo

Opinion by Justice Castillo


Andra Decors Rutherford was convicted by a jury of the offense of aggravated robbery. Punishment was to the court and
Rutherford was sentenced to thirty-five years in prison. From this sentence, Rutherford appeals. We dismiss for want of
jurisdiction.

Discussion

In order to invoke the appellate jurisdiction of this Court, a timely notice of appeal must be filed. Olivo v. State, 918
S.W.2d 519, 522 (Tex. Crim. App. 1996). In a criminal case, notice of appeal must be filed by a defendant: 1) within thirty
days after the day sentence is imposed or suspended in open court, or after the day the trial court enters an appealable order;
or 2) within ninety days after the day sentence is imposed or suspended in open court if the defendant timely files a motion
for new trial. Tex. R. App. P. 26.2(a). In the present case, appellant's sentence was imposed in open court on February 18,
2000 (1) and so notice of appeal should have been filed by March 20, 2000, (2) unless a timely motion for new trial was filed
by that date. Tex. R. App. P. 26.2(a). On March 21, 2000, thirty-two days after the imposition of sentence, appellant filed a
document entitled "Motion for New Trial." This attempted motion for new trial was not timely since a motion for new trial
in a criminal case must be filed no later than thirty days after the trial court imposes or suspends sentence in open court.
Tex. R. App. P. 21.4(a). In the instant case, as the thirtieth day fell on Sunday, March 19th, appellant was obliged to file his
motion for new trial no later than Monday, March 20th in order for it to be timely. (3) This he failed to do. Thus the
appellate timetables were not extended and appellant's notice of appeal was due on March 20, 2000, pursuant to rule
26.2(a)(2). See Tex. R. App. P. 26.2(a)(1). Appellant's notice of appeal, filed on May 19, 2000, ninety-one days after the
imposition of sentence, was not timely and so did not invoke the jurisdiction of this court. (4)

Conclusion

Where no timely notice of appeal is filed, the proper disposition is to dismiss for want of jurisdiction. Mendez v. State, 914
S.W.2d 579, 580 (Tex. Crim. App. 1996). Accordingly, having found that appellant's notice of appeal was not timely, and
failed to invoke the jurisdiction of this Court, we dismiss this appeal for want of jurisdiction.



ERRLINDA CASTILLO

Justice

Do not publish .

Tex. R. App. P. 47.3(b).



Opinion delivered and filed

this 31st day of August, 2001.

1. The judgment was signed on February 21, 2000, and while the date of sentencing was

originally listed in typeface as February 18th, this date has been interlineated and the date of February 21st noted in script.
The reporter's record, however, reveals that the sentence was imposed in open court on February 18, 2000. When there is a
variation between the oral pronouncement of sentence and the written memorialization of that sentence, the oral
pronouncement controls. Coffey v. State, 979 S.W.2d 326, 328 (Tex. Crim. App. 1998). The judgment was apparently
signed on February 21, 2000. However, it is the pronouncement of sentence that is the appealable event, not the signing of
the judgment and so appellate timetables are calculated from the date of pronouncement. Tex. R. App. P. 26.2(a) ("...after
the day sentence is imposed or suspended in open court...") (emphasis added); Id.; Rodarte v. State, 860 S.W.2d 108, 109
(Tex. Crim. App, 1993)(interpreting the prior rule of appellate procedure 41(b)(1) that in an appeal from a judgment of
conviction, the date of imposition or suspension of sentence in open court is the exclusive starting point for determining
timeliness of notice of appeal).

2. The year 2000 was a leap year and so the month of February contained twenty-nine days.

The thirtieth day after February 18th was March 19th, a Sunday. Hence, the last day for the filing of a timely notice of
appeal or motion for new trial was the following Monday, March 20, 2000. Tex. R. App. P. 4.1(a); Mendez v. State, 914
S.W.2d 579, 580 (Tex. Crim. App. 1996).

3. See note 2 supra.

4. We note that even if appellant had filed a timely motion for new trial, his notice of appeal would still have been filed
one day too late to invoke the jurisdiction of this Court.