In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-02-00157-CR


______________________________




GARY W. LOWE, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 71st Judicial District Court


Harrison County, Texas


Trial Court No. 87-0279




 




Before Morriss, C.J., Grant and Ross, JJ.


Opinion by Justice Grant



O P I N I O N



 Gary W. Lowe has filed a motion to extend time to file his Notice of Appeal from the denial
of his motion requesting forensic DNA testing pursuant to Tex. Code Crim. Proc. Ann. art. 64.01,
et seq. (Vernon Supp. 2002). The order was entered on March 4, 2002. The Notice of Appeal was
therefore due to be filed within thirty days, on or before April 3, 2002. Tex. R. App. P. 26.2(1). The
time may be extended by a motion to extend time, but that motion must be filed no later than fifteen
days after the deadline for filing the Notice of Appeal. That time expired on April 18, 2002. The
motion to extend time was originally received by this court on August 12, 2002.

 Without a timely filed notice of appeal, this court has no jurisdiction over the appeal. 
Rodarte v. State, 860 S.W.2d 108 (Tex. Crim. App. 1993). When we determine that we have no
jurisdiction to decide the merits of an appeal, the proper action is to dismiss. Mendez v. State, 914
S.W.2d 579, 580 (Tex. Crim. App. 1996). 

 The appeal is dismissed for want of jurisdiction.




 Ben Z. Grant

 Justice


Date Submitted: September 4, 2002

Date Decided: September 5, 2002


Do Not Publish



;       "The timely filing of a notice of appeal is jurisdictional in this court, and absent a
timely filed notice or extension request, we must dismiss the appeal." In re K.M.Z.,
No. 2-04-374-CV, 2005 Tex. App. LEXIS 690, at *2 (Tex. App.—Fort Worth Jan. 27, 2005,
no pet.). To perfect appeal in a criminal case, the defendant's notice of appeal must be
filed within thirty days from the date the trial court imposes sentence, unless a motion for
new trial has been timely filed. Tex. R. App. P. 26.2(a)(1). In this case, Harper's pro se
notice of appeal was untimely because it was not filed until more than thirty days after
sentence was imposed. 
          For the reasons stated, we dismiss the appeal for want of jurisdiction.


                                                                           Donald R. Ross
                                                                           Justice

Date Submitted:      October 17, 2005
Date Decided:         October 18, 2005

Do Not Publish