Opinion issued March 10, 2005













In The
Court of Appeals
For The
First District of Texas
____________

NOS. 01-05-00061-CR
          01-05-00062-CR
____________

JOSE DIAZ, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 232nd District Court
Harris County, Texas
Trial Court Cause Nos. 995702 and 995703



 
MEMORANDUM OPINION
               We lack jurisdiction to hear these appeals. The trial court sentenced
appellant, Jose Diaz, and signed final judgments in these cases on November 18,
2004. Appellant deposited a motion for new trial and a notice of appeal in each case
in the mail on January 7, 2005, according to the postmark on the copy of the envelope
included in the clerk’s records.

               Motions for new trial were due on Monday, December 20, 2004. See Tex.
R. App. P. 4.1(a), 21.4(a). Because the motions for new trial were mailed after the
filing deadline, they were untimely. See Tex. R. App. P. 9.2(b). A motion for new
trial that is untimely does not extend the time for filing the notice of appeal. Mendez
v. State, 914 S.W.2d 579, 580 (Tex. Crim. App. 1996).

               Therefore the deadline for filing the notices of appeal was also Monday,
December 20, 2004. Tex. R. App. P. 4.1(a), 26.2(a)(1). However, the notices of
appeal were mailed after the filing deadline and were untimely.

               An untimely notice of appeal fails to vest the appellate court with
jurisdiction to hear the case. Slaton v. State, 981 S.W.2d 208, 209-10 (Tex. Crim.
App. 1998); Olivo v. State, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996); Douglas
v. State, 987 S.W.2d 605, 605-06 (Tex. App.—Houston [1st Dist.] 1999, no pet.).

               We therefore dismiss the appeals for lack of jurisdiction.

PER CURIAM

Panel consists of Justices Taft, Keyes, and Hanks.

Do not publish. Tex. R. App. P. 47.2(b).