Opinion to issue July 21, 2005














In The
Court of Appeals
For The
First District of Texas
____________

NOS. 01-05-00348-CR
          01-05-00349-CR
____________

ARTURO LOPEZ, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 338th District Court
Harris County, Texas
Trial Court Cause Nos. 962053 and 961753



 
MEMORANDUM OPINION
               We lack jurisdiction to hear these appeals. The trial court sentenced
appellant, Arturo Lopez, and signed final judgments in these cases on June 3, 2004. 
The deadline for filing the notices of appeal was July 3, 2004, 30 days after
sentencing. See Tex. R. App. P. 26.2(a)(1). The due date of July 3, 2004 was a
Saturday. Therefore the deadline for filing the notices of appeal was Monday, July
5, 2004, because the thirtieth day after sentencing fell on a weekend. Tex. R. App.
P. 4.1(a), 26.2(a)(1). 

               Appellant filed untimely motions for new trial in each case on March 23,
2005. A motion for new trial that is filed more than 30 days after sentencing does not
extend the time for filing the notice of appeal. Mendez v. State, 914 S.W.2d 579, 580
(Tex. Crim. App. 1996).

                    Appellant filed notices of appeal on March 23, 2005, 259 days after the
deadline. The notices of appeal were deposited in the mail on March 21, 2005,
according to the postmark on the copy of the envelope included in the clerk’s record. 
Because the notices of appeal were mailed after the filing deadline, they did not
comply with Rule 9.2 of the Texas Rules of Appellate Procedure, the “mailbox rule.” 
               An untimely notice of appeal fails to vest the appellate court with
jurisdiction to hear the case. Slaton v. State, 981 S.W.2d 208, 209-10 (Tex. Crim.
App. 1998); Olivo v. State, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996); Douglas
v. State, 987 S.W.2d 605, 605-06 (Tex. App.—Houston [1st Dist.] 1999, no pet.).

               We therefore dismiss the appeals for lack of jurisdiction. All pending
motions are denied as moot. 

               It is so ORDERED.

PER CURIAM

Panel consists of Justices Taft, Alcala, and Higley.

Do not publish. Tex. R. App. P. 47.2(b).