Opinion To issue October 20, 2005 









In The
Court of Appeals
For The
First District of Texas
____________

NOS. 01-05-00768-CR
           01-05-00769-CR
           01-05-00770-CR
           01-05-00771-CR
  _____________

BRIAN DANIEL GAUBATZ, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 339th District Court
Harris County, Texas
Trial Court Cause Nos. 978335, 959572, 959573, and 959574



 
MEMORANDUM OPINION
               We lack jurisdiction to hear these appeals. The trial court sentenced
appellant, Brian Daniel Gaubatz, and signed a final judgment in each case on April
26, 2005. Brian Daniel Gaubatz filed untimely pro se motions for new trial in each
of the above referenced cases on August 1, 2005. A motion for new trial that is filed
more than 30 days after sentencing does not extend the time for filing the notice of
appeal. Mendez v. State, 914 S.W.2d 579, 580 (Tex. Crim. App. 1996). Therefore,
the deadline for filing a notice of appeal was May 26, 2005, 30 days after sentencing. 
See Tex. R. App. P. 26.2(a)(1).

                Brian Daniel Gaubatz filed pro se notices of appeal in each of the above
referenced cases on August 1, 2005, 97 days after the deadline. The pro se notices
of appeal were deposited in the mail on July 26, 2005, according to the postmark on
the copy of the envelopes included in the clerk’s record. Because the notices of
appeal were mailed after the filing deadline, they did not comply with Rule 9.2 of the
Texas Rules of Appellate Procedure, the “mailbox rule.” See Tex. R. App. P. 9.2(b).

               An untimely notice of appeal fails to vest the appellate court with
jurisdiction to hear the case. Slaton v. State, 981 S.W.2d 208, 209-10 (Tex. Crim.
App. 1998); Olivo v. State, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996); Douglas
v. State, 987 S.W.2d 605, 605-06 (Tex. App.—Houston [1st Dist.] 1999, no pet.).

               We therefore dismiss the appeals for lack of jurisdiction.

               All pending motions are denied as moot. 

               It is so ORDERED.

PER CURIAM

Panel consists of Justices Taft, Keyes, and Hanks.

Do not publish. Tex. R. App. P. 47.2(b).