Opinion issued November 17, 2005











In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-05-00808-CR
____________

RAMON PEREZ MORENO, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 232nd District Court
Harris County, Texas
Trial Court Cause No. 1009143 



 
MEMORANDUM OPINION
               We lack jurisdiction to hear this appeal. The trial court sentenced appellant,
Ramon Perez Moreno, and signed a final judgment in this case on June 21, 2005. 
Appellant filed an untimely motion for new trial in this case on August 17, 2005. A
motion for new trial that is filed more than 30 days after sentencing does not extend
the time for filing the notice of appeal. Mendez v. State, 914 S.W.2d 579, 580 (Tex.
Crim. App. 1996). The deadline for filing notice of appeal was Monday, August 1,
2005, because the thirtieth day after sentencing fell on a weekend/holiday. Tex. R.
App. P. 4.1(a), 26.2(a)(1).

               Appellant filed his notice of appeal on August 15, 2005, 14 days after the
deadline. Notice of appeal was deposited in the mail on August 11,2005, according
to the postmark on the copy of the envelope included in the clerk’s record. Because
the notice of appeal was mailed after the filing deadline, it did not comply with the
“mailbox rule.” See Tex. R. App. P. 9.2(b). Although the notice of appeal was filed
within the 15-day time period for filing a motion for extension of time to file notice
of appeal, no such motion for extension of time was filed. See Tex. R. App. P. 26.3. 

               An untimely notice of appeal fails to vest the appellate court with
jurisdiction to hear the case. Slaton v. State, 981 S.W.2d 208, 209-10 (Tex. Crim.
App. 1998); Olivo v. State, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996); Douglas
v. State, 987 S.W.2d 605, 605-06 (Tex. App.—Houston [1st Dist.] 1999, no pet.).

               We note that the record reflects that the trial court when assessing
punishment followed appellant’s plea bargain agreement with the State, and that
appellant signed a waiver of his right to appeal. Additionally, the trial court’s
certification of appellant’s right of appeal states that this is a plea-bargain case, and
the defendant has no right to appeal. 

               We therefore dismiss the appeal for lack of jurisdiction.

                Any pending motions are denied as moot.

               It is so ORDERED.

PER CURIAM

Panel consists of Justices Nuchia, Jennings, and Higley.

Do not publish. Tex. R. App. P. 47.2(b).