Opinion issued October 7, 2010



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-10-00639-CR

———————————

STEVDRICK
JACKSON, Appellant

V.

The State of
Texas, Appellee



 



 

On
Appeal from the 263rd District Court

Harris
County, Texas



Trial
Court Case No. 1243327

 



MEMORANDUM OPINION

          Appellant, Stevdrick Jackson, pleaded
guilty to the offense of aggravated robbery with a deadly weapon.  See
Tex. Penal Code Ann. § 29.03
(Vernon 2003).  Pursuant to an agreed
recommendation from the State, the trial court assessed punishment at 40 years’
confinement.  We lack jurisdiction to
hear this appeal.  

          To
perfect an appeal from a judgment of conviction, a notice of appeal must be
filed within 30 days after the day sentence is imposed or suspended in open
court, or an appealable order is entered. 
Tex. R. App. P. 26.2(a)(1);
Rodarte v. State, 860 S.W.2d 108, 109
(Tex. Crim. App. 1993) (written judgment of conviction is not “appealable order”
within meaning of rule; defendant does not have option of calculating time
limit from day written judgment is signed and entered by trial court)
(construing predecessor rule).  The
deadline to file a notice of appeal is extended to 90 days after the date
sentence is imposed, if a motion for new trial was timely filed.  See
Tex. R. App. P. 26.2(a)(2).  A motion for new trial is timely if it is
filed no later than 30 days after sentencing. 
Mendez v. State, 914 S.W.2d 579, 580 (Tex. Crim. App. 1996).  

          In
this case, sentence was imposed on March 26, 2010.  Hence, appellant’s deadline to file a notice
of appeal or a motion for new trial expired on April 26, 2010. 
See Tex. R. App. P. 4.1(a),
26.2(a)(1)-(2).  Appellant’s
notice of appeal, filed on July 22, 2010, was untimely.  On July 8, 2010, appellant filed a motion to
withdraw his plea of guilty.  Even if we
construe the motion to withdraw his plea as a motion for new trial, appellant’s
motion was untimely and therefore did not extend the time to file his notice of
appeal.  

          An
untimely notice of appeal fails to vest the court with jurisdiction to hear the
appeal.  Lopez v. State, 18 S.W.3d
637, 639 (Tex. Crim. App. 2000); Douglas v. State, 987 S.W.2d 605,
605-06 (Tex. App.—Houston [1st Dist.] 1999, no pet.). 

          Accordingly,
we dismiss the appeal for want of jurisdiction. 
We dismiss all pending motions as moot.

PER CURIAM

Panel consists of Justices Keyes,
Higley, and Bland.

Do not publish.  Tex.
R. App. P. 47.2(b).