02-11-359-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-11-00359-CR 

 

 


 
 
 Frank Joe Ramirez
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE 
 
 


 

 

----------

 

FROM THE 355th
District Court OF Hood COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

 

          Frank
Joe Ramirez filed a notice of appeal from his conviction for unlawful
possession of a firearm by a felon.  Because appellant did not timely file his
notice of appeal, we must dismiss this appeal for want of jurisdiction.

          In
a criminal case, an appeal is perfected by the timely filing of a notice of
appeal.  Tex. R. App. P. 25.2(b).  To be timely, the notice of appeal must be
filed within thirty days after the day sentence is imposed or suspended in open
court or within ninety days if the defendant timely files a motion for new
trial.  Tex. R. App. P. 26.2(a).  In this case, the trial court imposed
sentence on May 19, 2011.  Appellant filed a motion for new trial, but it was
not timely:  the motion was due on June 20, 2011, and appellant filed his
motion by hand delivery on July 1, 2011.  Therefore, appellant’s notice of
appeal was also due on June 20, 2011.  Appellant filed the notice on August 17,
2011.

          On
August 23, 2011, we notified appellant of our concern that we may lack
jurisdiction over the appeal because it was untimely filed, and we informed him
that his appeal was subject to dismissal unless he or any party desiring to
continue the appeal filed a response showing grounds for continuing the
appeal.  See Tex. R. App. P. 44.3.  Appellant’s counsel responded with a
letter explaining that he had assumed that the deadline to file a notice of
appeal was ninety days, not thirty days, because the trial court accepted the
motion for new trial and there was a hearing on that motion.  This response
does not show grounds for continuing the appeal.  See Mendez v. State,
914 S.W.2d 579, 580 (Tex. Crim. App. 1996).

          A
timely notice of appeal is essential to vest this court with jurisdiction.  See
Olivo v. State, 918 S.W.2d 519, 522–23 (Tex. Crim. App. 1996); see also
Slaton v. State, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998).  The
appropriate vehicle for seeking an untimely appeal is by filing an application
for writ of habeas corpus under article 11.07 of the code of criminal procedure. 
Tex. Code Crim. Proc. Ann. art. 11.07 (West 2010); Ashorn v. State, 77
S.W.3d 405, 409 (Tex. App.—Houston [1st Dist.] 2002, pet. ref’d) (op. on reh’g).

          Accordingly,
we dismiss the appeal for want of jurisdiction.  See Tex. R. App. P.
43.2(f).

 

PER CURIAM

 

PANEL: 
LIVINGSTON,
C.J.; DAUPHINOT and GARDNER, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  October 6, 2011








 









[1]See Tex. R. App. P. 47.4.