

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-11-00359-CR

FRANK JOE RAMIREZ                                                 APPELLANT

V.

THE STATE OF TEXAS                                                      STATE

----------

## FROM THE 355TH DISTRICT COURT OF HOOD COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Frank Joe Ramirez filed a notice of appeal from his conviction for unlawful possession of a firearm by a felon. Because appellant did not timely file his notice of appeal, we must dismiss this appeal for want of jurisdiction.

In a criminal case, an appeal is perfected by the timely filing of a notice of appeal. Tex. R. App. P. 25.2(b). To be timely, the notice of appeal must be filed within thirty days after the day sentence is imposed or suspended in open court

---

[1]See Tex. R. App. P. 47.4.

or within ninety days if the defendant timely files a motion for new trial. Tex. R. App. P. 26.2(a). In this case, the trial court imposed sentence on May 19, 2011. Appellant filed a motion for new trial, but it was not timely: the motion was due on June 20, 2011, and appellant filed his motion by hand delivery on July 1, 2011. Therefore, appellant's notice of appeal was also due on June 20, 2011. Appellant filed the notice on August 17, 2011.

On August 23, 2011, we notified appellant of our concern that we may lack jurisdiction over the appeal because it was untimely filed, and we informed him that his appeal was subject to dismissal unless he or any party desiring to continue the appeal filed a response showing grounds for continuing the appeal. *See* Tex. R. App. P. 44.3. Appellant's counsel responded with a letter explaining that he had assumed that the deadline to file a notice of appeal was ninety days, not thirty days, because the trial court accepted the motion for new trial and there was a hearing on that motion. This response does not show grounds for continuing the appeal. *See Mendez v. State*, 914 S.W.2d 579, 580 (Tex. Crim. App. 1996).

A timely notice of appeal is essential to vest this court with jurisdiction. *See Olivo v. State*, 918 S.W.2d 519, 522–23 (Tex. Crim. App. 1996); *see also Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998). The appropriate vehicle for seeking an untimely appeal is by filing an application for writ of habeas corpus under article 11.07 of the code of criminal procedure. Tex. Code

2

Crim. Proc. Ann. art. 11.07 (West 2010); *Ashorn v. State*, 77 S.W.3d 405, 409

(Tex. App.—Houston [1st Dist.] 2002, pet. ref'd) (op. on reh'g).

Accordingly, we dismiss the appeal for want of jurisdiction. *See* Tex. R.

App. P. 43.2(f).

PER CURIAM

PANEL:  LIVINGSTON, C.J.; DAUPHINOT and GARDNER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  October 6, 2011