Frederick Dewayne
WILLIAMS, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 05–88–00108–CR to 05–88–00110–CR.

Court of Appeals of Texas,
Dallas.

April 26, 1989.

Robert Udashen, Dallas, for appellant.

Teresa Tolle, Dallas, for appellee.

Before McCLUNG, BAKER and KINKEADE, JJ.

KINKEADE, Justice.

Frederick Dewayne Williams appeals his conviction of two offenses of aggravated robbery and one offense of theft of property. Williams pleaded guilty to all three offenses. A single jury found him guilty of each offense and found one enhancement paragraph to be true. The jury sentenced him to ninety-nine years confinement and a $10,000.00 fine for each of the aggravated robbery offenses, and ten years confinement and a $5,000.00 fine for the theft offense. Williams contends that the trial court erred in that it: 1) failed to determine whether Williams's guilty pleas were made freely and voluntarily; 2) failed to properly admonish Williams regarding the range of punishment for each of the three offenses; 3) failed to require that Williams personally enter the guilty pleas; and 4) refused the defense attorney's request to make two arguments before the jury. We agree that the trial court's admonishments were insufficient and reverse the trial court's judgment.

Prior to accepting a guilty plea, the trial court must admonish the defendant as to the range of punishment for the offense charged. TEX.CODE CRIM. PROC.ANN. art. 26.13(a) (Vernon Supp. 1989). The admonishments insure that the defendant is aware of the consequences of his plea. *Whitten v. State*, 587 S.W.2d 156, 158 (Tex.Crim.App.1979). The trial court need only substantially comply with the admonishment requirements of article 26.13 unless the defendant shows that he was misled or harmed by the admonishment. *Johnson v. State*, 705 S.W.2d 154, 156 (Tex.App.—Texarkana 1985, no pet.); TEX.CODE CRIM.PROC.ANN. art. 26.- 13(c) (Vernon Supp.1989). Failure of the trial court to comply with the provisions of article 26.13 may be raised at any time. *Ex parte Taylor*, 522 S.W.2d 479, 481 (Tex. Crim.App.1975).

The trial court must determine whether the defendant has entered a guilty plea freely and voluntarily. *Boykin v. Alabama*, 395 U.S. 238, 242, 89 S.Ct. 1709, 1711, 23 L.Ed.2d 274 (1969); TEX.CODE CRIM.PROC.ANN. art. 26.13(b). However, the trial judge need not ask any certain questions nor follow any formula in order to substantially comply with article 26.13. *Richards v. State*, 562 S.W.2d 456, 458 (Tex.Crim.App.1977) (op. on reh'g). When the trial judge admonishes the defendant, even if the admonishment is erroneous, substantial compliance is deemed. The burden then shifts to the defendant to show that he entered his plea without understanding the consequences (i.e., the possible punishment) and that he was thus harmed. *Ex parte Smith*, 678 S.W.2d 78, 79 (Tex.Crim.App.1984). If the error in the admonishment affects the voluntariness of

the plea, there is no substantial compliance. *Johnston v. State,* 670 S.W.2d 394, 397 (Tex.App.—Austin 1984, pet. dism'd).

The admonishments must be given by the trial court and not by counsel. *Whitten,* 587 S.W.2d at 158–59; *Murray v. State,* 561 S.W.2d 821, 822 (Tex.Crim.App. 1977). This requirement is more than a technicality; it is a mandatory requirement of article 26.13. *Murray,* 561 S.W.2d at 822. The trial court must satisfy itself as to the propriety of the defendant's guilty plea. Defendants should look to the trial court, not the prosecutor, for admonishments. *Whitten,* 587 S.W.2d at 159. The only admonishments we should consider, therefore, are those given by the trial court. *Murray,* 561 S.W.2d at 822.

In the case at bar, Williams was charged with three separate offenses and one enhancement paragraph. The trial court was required to admonish Williams regarding each offense as well as the consequences of the enhancement paragraph. The admonishment proceeded as follows:

THE COURT: How does the Defendant wish to plead to this enhancement?

[Defense Attorney]: The Defendant pleads true to the enhancement paragraph.

THE COURT: He understands that enhances the punishment from fifteen up to life and so on?

[Prosecutor]: It's from fifteen to 99 years or life and an optional fine of up to $10,000.

THE COURT: All right. And he pleads guilty.

[Prosecutor]: Judge, also you still have to arraign him on the range of punishment on the primary paragraph. The law requires that be in the record.

THE COURT: How do you plead on the indictment?

[Defense Attorney]: Guilty.

THE COURT: And then you plead true to the enhancement account?

[Defense Attorney]: Yes.

[Prosecutor]: Judge, still you have to go over the range of punishment on the primary paragraph.

THE COURT: Well, the range of punishment is from five years to 99 years or life on the main indictment and the enhancement account starts at fifteen on the same punishment.

[Prosecutor]: With an optional fine of up to $10,000.

*(Whereupon, Mr. Creuzot arraigns the Defendant on the indictment and enhancement paragraph in Cause No. F–87–89855–UI, outside the presence of the jury.)

[Prosecutor]: This is the theft case, which is a third degree felony.

THE COURT: You've pleaded guilty to the felony; do you wish to plead guilty to the enhancement account? What does the enhancement do?

[Prosecutor]: It raises it from a third degree felony to a second degree felony.

THE COURT: It raises it to a second degree felony from which you can get from two to ten years and a fine of up to $10,000; do you wish to plead guilty to that?

[Defense Attorney]: True.

[Prosecutor]: Judge, still you have to tell him that on the first paragraph in that last case, the theft case, that it's from two to ten and an iptional [sic] fine of up to five thousand just on the primary offense. He has to be told.

THE COURT: Well, the primary offense is up to $5,000, but if it's enhanced, it's up to $10,000.

[Prosecutor]: Sir, it's from two to ten on the primary offense as opposed to from two to twenty. You just asked him about to twenty. You just asked him about the enhancement paragraph.

*(Whereupon, the Judge arraigns the Defendant on the range of punishment on the theft case outside the presence of the jury.)

THE COURT: You plead guilty to the enhancement account of the indictment?

[Defense Attorney]: Yes.

THE COURT: Bring in the jury ...

*(parentheticals inserted by court reporter. We note that the court reporter should continue to transcribe the

proceedings rather than inserting her own comments).

 The trial judge admonished Williams as to the wrong ranges of punishment on two of the primary offenses and the effects of the enhancement paragraph on them. He neglected to mention the possible fines of up to $10,000.00 for two of the offenses. Although the prosecutor prompted the trial judge, corrected his mistakes and supplemented the admonishments, the prosecutor's comments cannot rectify the faulty admonishments. The admonishments must come from the trial judge himself. *Whitten*, 587 S.W.2d at 158–59.

The trial judge completely failed to ascertain whether Williams' plea was free and voluntary. He did not ask Williams' any questions at all regarding his plea. In fact, the only questions he ever asked Williams were, "How does the defendant plead?" or "Do you plead guilty?" The record does not reflect that the trial court even directed its questions toward Williams because the defense attorney answered every question put by the court except one. *See Whitten*, 587 S.W.2d at 159 (defendant must hear and understand admonishments).

A guilty plea must be entered by the defendant personally. *Shields v. State;* 608 S.W.2d 924, 927 (Tex.Crim.App.1980); TEX.CODE CRIM.PROC.ANN. art. 27.13 (Vernon 1966). In *Shields*, the defense attorney entered the guilty plea rather than the defendant himself, but the defendant personally responded to the court's questions regarding the voluntariness of the plea. The Court of Criminal appeals stated that, though it would be "better practice" for the trial court to have asked the defendant to personally enter his plea, the statute had been complied with in that case. *Shields*, 608 S.W.2d at 927.

In the case at bar, Williams did not respond personally to any questions or remarks by the trial court except one. At the beginning of the arraignment, the defense attorney answered that Williams pleaded guilty to the indictment. The trial court then asked, "Do you plead guilty?" and Williams answered, "Yes sir."

Williams never spoke again during the admonishments. He never affirmatively stated that he pleaded guilty. The trial court never asked any questions regarding the voluntariness of the plea. Thus, none of the mitigating circumstances of *Shields* were present in this case.

We hold that, taking the facts of this case as a whole, the trial court did not substantially comply with the provisions of article 26.13. Neither did the trial court meet the requirements of article 27.13. When there is no substantial compliance, the defendant need not show harm. *Whitten*, 587 S.W.2d at 158. Therefore, we reverse the judgment of the trial court and remand all three causes to the trial court for new trials.