IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-90-169-CR





NATHANIEL BRAZELL, a/k/a NATHANIEL BRAZIL,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE



 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT



NO. 102,623, HONORABLE BOB PERKINS, JUDGE PRESIDING



 




 After finding the appellant guilty of forgery, Tex. Penal Code Ann. § 32.21 (1989),
the jury assessed punishment, enhanced by prior felony convictions, at sixty years.

 Appellant asserts three points of error. In his first point of error, appellant
contends the trial court erred in depriving him of his right under the United States Constitution
and the Texas Constitution to confront witnesses and participate fully in his defense at trial. The
failure of the court to affirmatively establish that "appellant's enhancement plea of true was
voluntarily and intelligently made" forms the basis of his second point of error. In his third point
of error, appellant asserts that the court erred in failing to admonish him of the consequences of
his plea of true to the enhancement allegations in the indictment. We overrule appellant's points
of error and affirm the judgment of the trial court.

 In his first point of error, appellant contends that the trial court erred in depriving
him of his right under the Sixth Amendment of the United States Constitution and Article I, § 10
of the Texas Constitution to confront witnesses and participate fully in his defense. The basis of
appellant's contention is that his deafness prevented him from understanding the proceedings.

 After it was brought to the court's attention that a hearing aid was not effective in
enabling appellant to hear, and that he did not know sign language and was unable to read lips,
the court ordered the defense table moved closer to the court reporter in order that the appellant
might read the proceedings on the court reporter's monitor. The record reflects that the court
reporter's shorthand is instantly transmitted into the English language on the monitor. After the
table was moved, appellant told the court that he was able to read the monitor. In response to
defense counsel's concern that people speak faster than anyone is able to read, the court
admonished defense counsel and appellant to advise the court in the event that appellant was
unable to read everything. (1)

 In Ferrell v. Estelle, 568 F.2d 1128, 1132 (5th Cir. 1978), the court succinctly
addressed the necessity of a defendant understanding the proceedings:



The Constitution requires that a defendant sufficiently understand the proceedings
against him to be able to assist in his own defense. Ensuring that the defendant has
that minimum understanding is primarily the task of the trial judge.



Tex. Code Crim. Proc. Ann. § 38.31 (Supp. 1992), provides in pertinent part:



(a) If the court is notified by a party that the defendant is deaf and will be present
at an arraignment, hearing, examining trial, or trial, or that a witness is deaf and
will be called at a hearing, examining trial, or trial, the court shall appoint a
qualified interpreter to interpret the proceedings in any language that the deaf
person can understanding, including but not limited to sign language. On the
court's motion or the motion of a party, the court may order testimony of a deaf
witness and the interpretation of that testimony by the interpreter visually,
electronically recorded for use in verification of the transcription of the reporter's
notes.



 In Adams v. State, 749 S.W.2d 635 (Tex. App. 1988, pet. ref'd), the deaf
defendant did not know sign language or lip reading with the minimal level of understanding to
enable him to understand the proceedings. Direct examination of the defendant was accomplished
by furnishing the defendant with written questions. The only other occasions when the defendant
was furnished with written explanations of what was happening occurred when a jury was waived
and a copy of the complainant's testimony was furnished him at its conclusion. The court noted
that article 38.21 requires that a court appoint an interpreter for a deaf person who understands
sign language, but leaves to the court's discretion whether alternative methods will be utilized
such as simultaneous transcription, "the only form of communication that could have helped [the
defendant]." Id. at 639. The court concluded that trial courts have an "obligation outside the
statute based on state and federal constitutional law, to fashion a remedy suitable to overcome a
particular defendant's disability." Id. In Adams, only a small portion of the proceeding was
reduced to writing for the defendant. In the instant cause, following defense counsel's advising
the court of appellant's problem, the remainder of the proceedings were translated on the monitor.

 Appellant's testimony consumes almost sixteen pages of the record. Appellant's
answers were responsive to questions asked except when he had difficulty understanding a
question on cross-examination relative to the county of origin of one of his numerous prior
convictions. The question was pursued until such time as appellant was able to understand and
give a responsive answer. On another occasion appellant had a difficult time understanding that
one of the prior convictions alleged for enhancement of punishment was waived. Again, the
matter was explored until appellant was able to understand what had occurred and appellant
entered a plea of true to the remaining convictions alleged for enhancement. Appellant directs our
attention to his unresponsive answer, "30 over 20" (apparently referring to his eyesight), on one
of the occasions when the court advised him to let it be known if he was unable to keep up with
the monitor. We believe it would be a rare trial when a participant who is subjected to numerous
questions does not give at least one or more unresponsive answers.

 We are unable to consider appellant's suggestion, unsupported by the record, that
appellant was reluctant to be placed in the embarrassing position of admitting his limited ability
to read. We conclude that the trial court met both constitutional and statutory requirements in
providing appellant with a viable remedy to overcome his hearing disability. Appellant's first
point of error is overruled.

 Appellant's points of error two and three are closely interrelated and will be
considered together. The alleged failure of the court to establish that his plea of true to the
enhancement allegations was voluntarily and intelligently made forms the basis of appellant's
second point of error while his third point of error is directed to the failure of the court to
admonish appellant of the consequences of his plea of true.

 At the punishment stage of the trial, allegations in the indictment charging appellant
with prior convictions of aggravated robbery, burglary of a building, aggravated assault, theft and
unauthorized use of a motor vehicle were read and appellant was asked whether he wished to
plead true or not true. Appellant replied that he would not plead true to the aggravated robbery
allegation and the prosecutor announced that the State would waive the aggravated robbery
paragraph. It appears that appellant had some difficulty in understanding that he was no longer
being charged with having been convicted of this offense and continued to state that he had not
been convicted of aggravated robbery. After the court and defense counsel explained to appellant
that he was no longer being accused of having been convicted of aggravated robbery, the court
read the remaining allegations of prior convictions, asking appellant after the reading of each
alleged prior conviction how he wished to plead, and appellant responded "That's true" or "true."

 Appellant relies on Williams v. State, 770 S.W.2d 81 (Tex. App. 1989, no pet.),
and decisions from other jurisdictions to support his contention that the court erred in failing to
admonish him as to the consequences of his plea of true to the enhancement allegations. In
Williams, the court found that the trial court incorrectly admonished the defendant of the
consequences of his pleas of guilty to the primary offenses, as well as erroneously advising
appellant as to the punishment he would receive if he entered a plea of true to the enhancement
allegations. Unlike Williams, the appellant in the instant cause entered a plea of not guilty to the
primary offense and the court did not admonish appellant as to the punishment he would receive
upon entering a plea of true.

 The Court of Criminal Appeals has consistently held that it is unnecessary to
admonish a defendant as to the consequences of his plea of true to convictions alleged for
enhancement in an indictment. See, e.g., Harvey v. State, 611 S.W.2d 108, 112 (Tex. Crim.
App. 1981) cert. denied, 454 U.S. 840 (1981); Crowder v. State, 424 S.W.2d 637, 638 (Tex.
Crim. App. 1968). In Harvey, the court stated, "[A]s a matter of law, it is unnecessary to
admonish an accused who pleads `true' or `guilty' to enhancement convictions alleged in the
indictment." We decline to deviate from the procedure which has been approved by the Court of
Criminal Appeals for many years in favor of a rule adopted by other jurisdictions. We reject
appellant's contentions that his plea of true was not voluntarily and intelligently made and that the
court erred in failing to admonish him of the consequences of his plea of true. Appellant's second
and third points of error are overruled.

 The judgment is affirmed.




 Tom G. Davis, Justice

[Before Chief Justice Carroll, Justices B. A. Smith and Davis*]

Affirmed

Filed: April 29, 1992

[Publish]









* Before Tom G. Davis, Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (1988).
1. The court advised the jury of appellant's hearing problem and explained the procedure being
utilized for appellant's benefit.