**Carlos Cerda MENDEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 06–94–00173–CR.**

Court of Appeals of Texas,
Texarkana.

Submitted Aug. 15, 1994.

Decided Nov. 8, 1994.

Rehearing Overruled Dec. 13, 1994.

Discretionary Review Granted
April 19, 1995.

Martin A. Smith, Dallas, for appellant.

Lori L. Ordiway, Dallas, for appellee.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION

GRANT, Justice.

Carlos Mendez appeals from his conviction for the offense of aggravated assault with a

deadly weapon. Punishment was assessed and imposed by the court following a hearing. The nature of the hearing is contested by the parties.

We first address the State's contention in its motion to dismiss that the notice of appeal was not timely filed. This argument is based upon the following facts. The trial court imposed sentence upon Mendez on November 24, 1993. Thus, his motion for new trial would have been due on December 24, 1993. December 24 fell on a Friday, and the courthouse was closed on that day. Counsel filed his motion for new trial on the next day that the courthouse was open, Monday, December 27. The State contends that this motion was late. If the State is correct, the notice of appeal was not filed timely.

■ The timetable for filing motions for new trial in criminal cases is governed by TEX.R.APP.P. 31, which provides the thirty-day time period. Computation of time is governed by TEX.R.APP.P. 5(a), which provides that if the last day for filing a document is a Saturday, Sunday, or legal holiday, the period extends to the end of the next day which is not a Saturday, Sunday, or legal holiday. Under the terms of the Government Code, a legal holiday includes only the following days: (1) A national holiday under Section 662.003(a); (2) a state holiday under Section 662.003(b)(1)–(6). TEX.GOV'T CODE ANN. § 662.021 (Vernon 1994). The date at issue, December 24, is set out in TEX.GOV'T CODE ANN. § 662.003(b)(8) (Vernon 1994). Thus, it is not a legal holiday under the specific terms of the Government Code. This issue has not been recently addressed by the Court of Criminal Appeals. However, this rule has been recently interpreted by the Texas Supreme Court, which held that a legal holiday included a day on which the courthouse is closed by direction of the county commissioner's court. *Miller Brewing Co. v. Villarreal*, 829 S.W.2d 770, 772 (Tex.1992). The court concluded that the construction of "legal holiday" that has been previously ap-

plied was unduly restrictive and that the term "legal holiday" as used by TEX.R.CIV.P. 4 "includes a day which the commissioners court in the county in which the case is pending has determined to be a holiday, or on which the clerk's office for the court in which the case is pending is officially closed." This reasoning was specifically applied to TEX.R.APP.P. 5, which contains the same language as TEX.R.CIV.P. 4, in the case of *In the Matter of V.C.*, 829 S.W.2d 772 (Tex.1992). We see no reason to apply this rule differently in criminal cases than in civil cases. Accordingly, the motion for new trial was timely filed, and jurisdiction is properly in this Court. The motion to dismiss is overruled.[1]

Mendez first contends that the case must be reversed and remanded because the trial court accepted a plea of nolo contendere from trial counsel in direct contravention of mandatory language contained in Article 27.13 of the Code of Criminal Procedure. That Article reads as follows:

A plea of "guilty" or a plea of "nolo contendere" in a felony case must be made in open court by the defendant in person; and the proceedings shall be as provided in Articles 26.13, 26.14, and 27.02. If the plea is before the judge alone, same may be made in the same manner as provided for by Articles 1.13 and 1.15.

TEX.CODE CRIM.PROC.ANN. art. 27.13 (Vernon 1989).

■ A plea of guilty or nolo contendere in a felony case must be made in open court by the defendant in person, and his attorney may not enter the plea for him. *Caruth v. State*, 77 Tex.Crim. 150, 177 S.W. 973 (1915). There is a line of cases that state generally that if the record sufficiently indicates substantial compliance with the Code, no error is shown. An example of the reasoning underlying this concept is found in *Adkison v. State*, 762 S.W.2d 255, 258 (Tex.App.—Beaumont 1988, pet. ref'd). In *Adkison*, the court reviewed the substantial interaction between

1. We acknowledge that a different result is suggested by *Martinez v. State*, 511 S.W.2d 934, 935 (Tex.Crim.App.1974). In that case, notice of appeal was due on December 24, but was filed on December 26. The court examined the predecessor to the Government Code sections, noted that only Christmas Day itself was declared a legal holiday and, that in the absence of a showing of good cause, the late notice of appeal could not be filed. This case has not been cited for this proposition since 1975.

the trial judge and the defendant, concluded that he fully understood the proceedings and that nothing in the record indicated confusion. The court also observed that Adkison had "himself, affirmatively and unequivocally, at one point, said that his plea was guilty."

In *Shields v. State*, the appellant complained that the trial court had erred by accepting a nolo contendere plea entered by counsel and not personally by appellant in accordance with Article 27.13. 608 S.W.2d 924 (Tex.Crim.App. [Panel Op.] 1980). The Court rested its decision upon dialogue between the trial judge and Shields after defense counsel had stated that defendant pleaded nolo contendere. The trial judge asked Shields whether anyone had promised him anything in order to make him enter the plea, to which he responded "no," and asked him whether he was entering the plea voluntarily, to which he answered "yes." The Court held that the trial judge should have inquired personally about the plea but concluded that the circumstances are sufficient to show "a compliance not only with the spirit but with the letter of Article 27.13." *Id.*

■ Other considerations that have been factored into review by appellate courts are typified by the opinion of the Dallas court in *Williams v. State*, 770 S.W.2d 81, 84 (Tex. App.—Dallas 1989, no pet.). In that case, the court looked to see whether the defendant had interacted with the trial judge in response to the admonishments or affirmatively stated that he pleaded guilty. Williams did respond to a question by the trial judge asking him whether he pleaded guilty by saying "yes, sir." He did not speak again during the admonishments and never affirmatively stated that he pleaded guilty. The court therefore held that the trial court had not substantially complied with 26.13 or 27.13 and reversed the judgment for a new trial. *Id.* When there is no substantial compliance, it is not necessary for a defendant to show harm. *Whitten v. State*, 587 S.W.2d 156, 158 (Tex.Crim.App. [Panel Op.] 1979).

■ In the present case, Mendez was present during the proceeding. He spoke three times. The court first informed him of the punishment range and asked him if he

understood that and then explained that if a deadly weapon finding was made, the parole laws would be applied differently. In response to each of these questions he answered, "Yes, ma'am." The court then asked him whether he understood his right to a jury trial, to which his response was, "No, I don't understand that, ma'am." Counsel then stated that "[a]t this time, Judge, the Defendant waives the reading of the Indictment and he enters a plea of no contest and he does know and understand he has a right to have a jury trial and signs a jury waiver."

The mere fact of Mendez's presence while his attorney stated a plea is insufficient to comply with the requirements of the Code. He made no response that could be interpreted as accepting the plea or agreeing with the statement by his counsel. This does not constitute substantial compliance. Therefore, unless some other factor would support a different result, the cause must be reversed.

In an attempt to supply this alternative reason, the State argues that the trial court never accepted his attorney's plea of nolo contendere on his behalf and that a trial was therefore conducted on the merits of this case. Thus, the State argues that no error can be shown either as to the lack of a personal plea or as to Mendez's related point of error concerning allegedly inadequate admonishments. In support of this argument, the State directs our attention to the hearing on motion for new trial. During that hearing, the trial court made the following comments:

[DEFENSE COUNSEL]: In any event, on November 23rd this matter was heard before this honorable Court and it was in essence an open plea, although from a review of the transcript it can be seen that Mr. Mendez thought that a trial was proceeding. He denied the allegations.

THE COURT: Let me just say that the Court believed a trial was proceeding too and the Court's jacket reflects that I used the forms that I use in trials before the Court. That's reflected in the Court's jacket what I called a TBC check list that I

filled out as we started, prior to any admonishments, and that the Court believed that this was a TBC and that was the procedure that I followed.

Go ahead.

[PROSECUTOR]: Your Honor, may I make a statement for one second?

On page—the front page of Defendant's supplement to Memorandum in Support of Motion for New Trial, Mr. Smith has left out the next couple of lines, okay, of the transcript found in his original Motion for New Trial wherein Mr. Henrichs states on record that the Defendant is contesting his guilt and the Court acknowledges that.

THE COURT: Well, I recall that happening, yes.

[PROSECUTOR]: Judge, perhaps to move things—

[DEFENSE COUNSEL]: One more statement.

THE COURT: Go ahead.

[DEFENSE COUNSEL]: I mention there was not a judicial confession on the record. And the Court says [paraphrasing from the statement of facts from the trial] but since there's not really going to be—not going—not going to contest guilt we can maybe make this a little faster. Concentrate what goes to any aggravating factors that may relate to the penalty. Mr. Henrichs: He will be contesting though also. The Court says all right. And at that time you went to your—I believe your TBC forms.

THE COURT: It was the full intent of this Court and the Court tried this as though the Court was trying a TBC. The Court did not consider this to be a trial before the Court—I mean an open plea. I tried it as a trial before the Court.

Go ahead.

The trial court concluded the hearing by stating, "I think the Court made it clear when we started that the Court always considered this a TBC. That's what it was set for and only briefly did I think things had changed, and I realized they hadn't and there was contested guilt in the case."

■ In addition, the counsel who conducted Mendez's defense at trial testified at the hearing on the motion for new trial that he had been surprised when Mendez informed him that he wanted to plead nolo contendere rather than not guilty. Counsel also testified that he had been concerned about the possibility the action was a plea of nolo contendere but "[a]s it turns out it was construed as a plea [of] not guilty." He also testified that he believed Article 26.13 was intended for a plea of guilty with a plea bargain and that admonishments were therefore not appropriate and then went on to say, "This was a not guilty trial, however the Defendant plead (sic) nolo contendere. I don't think he was ever under the impression that this was a variation of a guilty plea. . . . I don't think anybody construed this as being tantamount to a guilty plea." A plea of nolo contendere is the same as a plea of guilty as far as a criminal prosecution is concerned. *Sowell v. State,* 503 S.W.2d 793 (Tex.Crim.App.1974).

Our review of the trial itself reveals that the nature of the hearing is not so clear. The State presented its case through the testimony of three witnesses. The defendant then called four witnesses to testify to a different version of the facts. After the conclusion of evidence and argument by counsel, the trial court concluded with the following statement: "Well, Mr. Mendez, based on evidence I've heard I find you guilty of the offense of aggravated assault." The court then recessed for the day. The next morning, the court opened the cause as follows:

All right. On the record, this is F93–01224 styled the State of Texas vs. Carlos Cerda Mendez. Yesterday this case was called for trial before the Court. The Court heard evidence and found the Defendant—well, I'm sorry. This case was called on motion of nolo contendere. The Defendant was warned, arraigned, entered a plea of nolo.

The Court heard evidence in the case and based on the evidence the Court heard found the Defendant was guilty of aggravated assault with a deadly weapon. Is there evidence on punishment?

There was none. The transcript supports this statement by the trial court. The court

docket contains a notation that reads as follows.

> Both sides ann. ready. Defendant waived jury. Defendant admonished & warned. Changed plea to Nolo after arraignment. Witnesses sworn. State called witnesses. Defense called witnesses. Defendant found guilty of Agg. Aslt D/W. Affirm finding that DEADLY WEAPON was used.

The judgment entered by the trial court is also part of the record. It consists of a three-page preprinted form in which the blank for the plea is filled in "nolo contendere." Despite clear statements to the contrary by trial counsel and the court at the hearing on the motion for new trial, all of the statements and documents contemporaneous with the trial reflect that it was tried as a plea of nolo contendere. We do not find the later statements by court and counsel to be controlling, and we find that this case was tried on Mendez's plea of nolo contendere rather than a plea of not guilty. No substantial compliance with Article 27.13 appears in the record. No showing of harm is necessary. We sustain this point of error, which requires reversal. *Whitten,* 587 S.W.2d at 156.

Because of this disposition, we do not address Mendez's remaining points.

The judgment of the trial court is reversed, and the cause remanded for a new trial.

CORNELIUS, Chief Justice, dissenting.

I respectfully dissent. Whatever plea Mendez originally made, and whatever the formal documents show, the record clearly shows that he received a full trial before the trial judge as fact finder. It may be that the trial judge effectively withdrew Mendez's nolo contendere plea when at trial he produced evidence of his innocence; or the trial judge may have misunderstood the nature of a nolo contendere plea. In any event, Mendez received a full trial after waiving a jury trial. There is sufficient evidence to support the trial judge's finding of guilt beyond a reasonable doubt, and nothing else is presented for review. I would affirm the judgment.