# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-08-00099-CR
NO. 03-08-00100-CR

**Hipolito Soto, Appellant**

**v.**

**The State of Texas, Appellee**

FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT
NOS. D-1-DC-06-907172 & D-1-DC-07-201386
HONORABLE CHARLES F. BAIRD, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Hipolito Soto[1] pleaded guilty to two charges of driving while intoxicated and was sentenced to eight years in prison. *See* Tex. Penal Code Ann. § 49.04 (West 2003), § 49.09(b) (West Supp. 2008). Soto contends that the district court committed fundamental error

---

[1] Hipolito Soto's notice of appeal is styled State of Texas v. David J. Martinez. On the line indicated for signature by "Defendant," the signature of "david martines" appears. Despite the discrepancy in the name used by appellant at trial and on appeal, however, the trial court cause number—D-1-DC-06-907172—is consistent throughout the record. Based on the discrepancy in appellant's name, the State filed a motion to dismiss for failure to properly perfect the appeal. The State's motion to dismiss, however, shows no confusion as to which convictions are being appealed and by whom. *See Few v. State*, 230 S.W.3d 184, 190 (Tex. Crim. App. 2007) (holding that, even in light of cause number discrepancy, notice of appeal was sufficient where "it is apparent from the record that all parties knew that appellant timely expressed his desire to appeal his conviction for solicitation to commit capital murder"). As Soto "file[d] an instrument in a bona fide attempt to invoke [our] jurisdiction," we overruled the State's motion to dismiss and will address Soto's point of error. *See id.*

by convicting him of driving while intoxicated in the absence of a guilty plea. We affirm the judgment of conviction.

Soto was indicted for two counts of felony driving while intoxicated. *See id.* §§ 49.04, .09(b). On June 14, 2007, Soto entered a plea of guilty in open court. On January 15, 2008, based on his guilty plea, the district court found Soto guilty of the offenses as charged and assessed punishment at eight years in prison for each offense. The sentences were to run concurrently. Soto appeals, arguing in a single point of error that the district court committed fundamental error by convicting him of the offense in the absence of a proper guilty plea.

Article 27.13 of the code of criminal procedure provides that "[a] plea of 'guilty' or a plea of 'nolo contendere' in a felony case must be made in open court by the defendant in person." Tex. Code Crim. Proc. Ann. art. 27.13 (West 2006). The purpose of article 27.13 is "to establish that the accused voluntarily desires to plead guilty." *Matchett v. State*, 941 S.W.2d 922, 930 (Tex. Crim. App. 1996). Where the circumstances of the plea indicate the defendant knowingly and voluntarily intended to plead guilty, substantial compliance with the statute is shown. *See Shields v. State*, 608 S.W.2d 924, 927 (Tex. Crim. App. 1980).

Relying on two court of appeals decisions, Soto argues that nothing in the record "can fairly be construed as a plea in open court related to the indictment upon which [Soto] stands convicted." *See Mendez v. State*, 892 S.W.2d 81, 82-85 (Tex. App.—Texarkana 1994), *rev'd on other grounds*, 914 S.W.2d 579 (Tex. Crim. App. 1996); *Williams v. State*, 770 S.W.2d 81, 82-84 (Tex. App.—Dallas 1989, no pet.). In the absence of either a plea or a jury verdict, Soto contends, the trial court had no power to render judgment, and the judgment is, therefore, void.

2

In *Williams v. State*, the court of appeals reversed the trial court's conviction, holding that the defendant had not entered his guilty plea freely and voluntarily. 770 S.W.2d at 84. In that case, however, the discussion about the defendant's guilty plea was conducted almost entirely between the defense attorney and the trial judge. *Id.* The only statement by the defendant was a "[y]es sir" in response to the trial judge's inquiring "[d]o you plead guilty?" *Id.* Because the judge "completely failed to ascertain whether Williams's plea was free and voluntary," the court of appeals held that the trial court did not substantially comply with either article 26.13 or article 27.13. *Id.*; *see* Tex. Code Crim. Proc. Ann. art. 26.13 (West 2009), art. 27.13.

In *Mendez v. State*, in response to the trial judge's questioning as to his understanding of the range of punishment and the consequence of a finding that a deadly weapon was used, Mendez answered "[y]es ma'am"—that he understood. 892 S.W.2d at 83. However, when the trial judge asked Mendez whether he understood his right to a jury trial, he responded in the negative: "No, I don't understand that, ma'am." *Id.* Defense counsel then stated: "At this time, Judge, the Defendant waives the reading of the Indictment and he enters a plea of no contest and he does know and understand he has a right to have a jury trial and signs a jury waiver." *Id.* Based on this exchange, the court of appeals reversed the judgment of conviction, explaining:

> The mere fact of Mendez's presence while his attorney stated a plea is insufficient to comply with the requirements of the Code. He made no response that could be interpreted as accepting the plea or agreeing with the statement by his counsel. This does not constitute substantial compliance. Therefore, unless some other factor would support a different result, the cause must be reversed.

*Id.*

3

The circumstances in this case are substantially different from the facts underlying the decisions in *Williams* and *Mendez*. Some relevant portions of the exchange between Soto and the district court include the following:

Court: And waiving his rights, do you believe he understands all those?

Defense counsel: Yes, Your Honor.

Court: You have explained all that to him?

Defense counsel: Yes, Your Honor.

Court: Is that right, Mr. Soto?

Soto: Yeah.

Court: Has he explained all that to you?

Soto: Yes.

Court: You are charged in each of these cases with driving while intoxicated. In each case this is a third-degree felony offense which means you could go to prison for as little as two years all the way up to ten years and a fine not to exceed $10,000. Do you understand that's the full range of punishment in each of these cases?

Soto: Yeah.

Court: Speak up.

Soto: I understand.

The court then asked Soto and his counsel questions about Soto's written guilty plea. According to Soto, Soto's wife, and defense counsel, Soto understood the substance and the consequence of

4

the guilty plea. On the written plea, Soto had indicated that he "understand[s] spoken English but "read[s] with difficulty." In open court, Soto stated that defense counsel had read the document aloud and explained its effect. The discussion between the court and Soto continued:

| | |
|---|---|
| Court: | Do you know that you have a right to bring in twelve people and sit over there and hear your case? |
| Soto: | Yep, but I don't want that. |
| Court: | You don't want that? |
| Soto: | I don't. I don't want that. |
| Court: | I'm going to find, sir, that your plea of guilty is freely and voluntarily given and that you are knowingly, intelligently and voluntarily waiving and giving up all the rights accorded to you under our laws. |

In *Mendez*, the court's decision was based on the fact that virtually no interaction occurred between the trial judge and Mendez, and the plea of "no contest" was actually entered by defense counsel, not Mendez. 892 S.W.2d at 83. Similarly, in *Williams*, defense counsel, not Williams, responded to the trial court's questions. 770 S.W.2d at 84. The record here, however, shows that the district court engaged in an extensive dialogue with Soto. During the discussion, Soto personally acknowledged his plea of guilty. The record also shows that Soto entered his plea voluntarily. Therefore, the district court complied with both the spirit and the letter of article 27.13. *See Shields*, 608 S.W.2d at 927.[2]

---

[2] On appeal, Soto also seems to suggest that his difficulty in reading and writing English may have affected whether his plea of guilty was voluntarily given. However, Soto made no request for a translator at trial and makes no argument on appeal that a translator should have been provided.

Soto's point of error is overruled, and the judgment of conviction is affirmed.

_____

G. Alan Waldrop, Justice

Before Justices Patterson, Waldrop and Henson

Affirmed

Filed:   April 23, 2009

Do Not Publish

---

Further, the record before us indicates that Soto personally participated in an extensive discussion with the district court, in which he comprehended and responded appropriately to the court's questioning.