**Affirmed as modified; Opinion Filed July 27, 2018.**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-17-01013-CR
No. 05-17-01014-CR
No. 05-17-01015-CR

**JAMES CORNELIOUS KIRK, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 194th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F16-59404-M, F16-59405-M, & F16-59406-M**

# MEMORANDUM OPINION

Before Justices Francis, Fillmore, and Whitehill
Opinion by Justice Fillmore

James Cornelious Kirk appeals from his convictions for possession with intent to deliver cocaine, unlawful possession of a firearm by a felon, and possession with intent to deliver phencyclidine. In eleven issues, Kirk contends the trial court failed to admonish him on the proper range of punishment, his guilty pleas were involuntary, the trial judge acted as a witness against him, the trial court refused to consider mitigating evidence, and the written judgments should be modified. We modify the trial court's judgments and affirm the judgments as modified.

## Background[1]

Kirk was indicted for (1) possession with intent to deliver cocaine in an amount of one gram or more but less than four grams (the cocaine case), (2) unlawful possession of a firearm by a felon, and (3) possession with intent to deliver phencyclidine in an amount of four grams or more but less than 200 grams (the PCP case). The indictments in the cocaine and PCP cases included an allegation that Kirk used or exhibited a deadly weapon, a firearm, during commission of the offenses and one enhancement paragraph alleging a prior felony conviction. Kirk waived his right to a jury trial, pleaded guilty to the charges in each indictment, and pleaded true to the enhancement paragraph in the cocaine and PCP cases. After finding Kirk guilty and the enhancement paragraph true, the trial court assessed punishment of thirty-five years' imprisonment in the cocaine case, eight years' imprisonment in the unlawful possession of a firearm by a felon case, and thirty-five years' imprisonment in the PCP case, all sentences to run concurrently.

## Admonishments and Voluntariness of Pleas

In his first and second issues, Kirk contends the trial court violated article 26.13 of the code of criminal procedure by failing to admonish him on the correct range of punishment in the cocaine and PCP cases. In his third and fourth issues, Kirk asserts his guilty pleas were involuntary due to the trial court's failure to admonish him on the proper punishment ranges in the cocaine and PCP cases in violation of his right to due process. The State responds the trial court substantially complied with article 26.13 in the PCP case, and its failure to substantially comply with article 26.13 in the cocaine case was harmless. Moreover, the State contends Kirk has failed to show the incorrect admonishments violated his right to due process.

---

[1] Because the sufficiency of the evidence to support Kirk's convictions is not at issue in this appeal, we recite in this opinion only the facts necessary to address his specific complaints on appeal.

*The Trial Court's Admonishments*

The trial court did not orally admonish Kirk regarding the punishment ranges for the offenses. Rather, the trial court informed Kirk the range of punishment for each offense was contained in the trial court's written admonishments in each case and asked Kirk if he had reviewed with his attorney "this document for all three cases." Kirk responded "yes." Kirk also indicated he understood the "full range of punishment" available to the trial court in each of the cases.

The trial court's written admonishment in the cocaine case stated the punishment range for the second-degree felony offense was "2 to 20 years and optional fine not to exceed $10,000." *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(a),(c) (West 2010); TEX. PENAL CODE ANN. § 12.33 (West 2011). The trial court's written admonishment in the PCP case stated the punishment range for the first-degree felony offense was "5 to 99 years or life and an optional fine not to exceed $10,000." *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(a),(d); TEX. PENAL CODE ANN. § 12.32. In neither case did the written admonishments include the applicable range of punishment if the enhancement paragraphs were proved true.

*Applicable Law*

Article 26.13(a)(1) of the Texas Code of Criminal Procedure requires the trial court to provide a defendant certain admonishments before accepting a plea of guilty or nolo contendere. *See* TEX. CODE CRIM. PROC. ANN. art. 26.13(a)(1)–(5) (West Supp. 2017). The requisite article 26.13 admonishments include admonishment on the applicable range of punishment for the offense. *See id*. art. 26.13(a)(1); *Bessey v. State*, 239 S.W.3d 809, 812 (Tex. Crim. App. 2007). The purpose of article 26.13 admonishments is to ensure that only a constitutionally valid plea is entered by the defendant and accepted by the trial court. *Carranza v. State*, 980 S.W.2d 653, 656 (Tex. Crim. App. 1998); *see also VanNortrick v. State*, 227 S.W.3d 706, 708 (Tex. Crim. App. 2007).

The admonishments required by article 26.13 ensure the defendant enters his plea with full knowledge of the consequences. *Luckett v. State*, 394 S.W.3d 577, 580 (Tex. App.—Dallas 2012, no pet.). "The 'consequences' of a plea means punishment provided by law and which can be inflicted under the plea." *Id.* A defendant is not made aware of the full consequences of his plea if he is not admonished of the punishment he could receive if enhancement allegations are proved true. *Id.*; *Williams v. State*, 770 S.W.2d 81, 83 (Tex. App.—Dallas 1989, no pet.).

An admonishment that substantially complies with article 26.13(a)(1) is sufficient to satisfy the statute. *See* TEX. CODE CRIM. PROC. ANN. art. 26.13(c); *Luckett*, 394 S.W.3d at 580. When the record reflects the trial court incorrectly admonished a defendant under article 26.13(a)(1), but assessed punishment within the actual and stated range for the offense, the admonishment will be deemed to substantially comply with article 26.13(a)(1). *Robinson v. State,* 739 S.W.2d 795, 801 (Tex. Crim. App. 1987) (per curiam); *Skinner v. State,* 334 S.W.3d 12, 15 (Tex. App.—Dallas 2008, no pet.) ("When the trial court issues an inaccurate punishment-range admonishment but sentences the defendant within both the actual and stated range, the admonishment substantially complies with article 26.13."); *Grays v. State,* 888 S.W.2d 876, 878 (Tex. App.—Dallas 1994, no pet.). However, there is no substantial compliance with article 26.13(a)(1) if the defendant receives a sentence that is greater than the range on which he was admonished. *Luckett*, 394 S.W.3d at 582.

Substantial compliance with article 26.13(a) constitutes a prima facie showing that the defendant's plea was knowing and voluntary. *Robinson*, 739 S.W.2d at 801. The burden then shifts to the defendant to affirmatively shows he was unaware of the consequences of his plea and that he was misled or harmed by the trial court's admonishment. *See* TEX. CODE CRIM. PROC. ANN. art. 26.13(c); *Robinson,* 739 S.W.2d at 801; *Luckett*, 394 S.W.3d at 580.

*The PCP Case*

The trial court's written admonishment in the PCP case stated the punishment range for the offense was five to ninety-nine years' or life imprisonment, and an optional fine not to exceed $10,000, which is the correct punishment range when no enhancement paragraph is proved. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(a),(d); TEX. PENAL CODE ANN. § 12.32. However, if enhanced by a prior felony conviction, the punishment range for the offense is fifteen to ninety-nine years or life imprisonment, and an optional fine not to exceed $10,000. *See* TEX. PENAL CODE ANN. § 12.42(c)(1) (West Supp. 2017). After finding the enhancement paragraph true, the trial court assessed punishment at thirty-five years' imprisonment.

Although the trial court incorrectly admonished Kirk about the minimum punishment he could receive, it assessed punishment that was within both the actual range of punishment and the misstated range of punishment. *See Martinez v. State*, 981 S.W.2d 195, 197 (Tex. Crim. App. 1998). Consequently, the trial court's admonishment substantially complied with article 26.13(a)(1). *See Hughes v. State*, 833 S.W.2d 137, 140 (Tex. Crim. App. 1992); *Luckett*, 394 S.W.3d at 581. Because the trial court's admonishment substantially complied with article 26.13(a)(1), Kirk is required to affirmatively show he was unaware of the consequences of his plea and that he was misled or harmed by the trial court's incorrect admonishment. *Martinez*, 981 S.W.2d at 197; *Luckett*, 394 S.WS.3d at 580.

At the plea hearing, Kirk testified he wanted probation and treatment for his longstanding drug addiction, but understood he was entering an open plea with no plea bargain agreement, a plea of true to the enhancement paragraph, and that the trial court had the "full range of punishment" available to it. Kirk testified he had rejected the State's offer of fifteen years' imprisonment because he wanted probation. Kirk also testified he understood that whether the case was tried before a jury or by the judge, or if he pleaded guilty, his punishment range would

"start at 15 years" incarceration due to the enhancement paragraph. On re-direct examination, Kirk's counsel asked him if there was anything else the trial court should know "in considering giving [him] probation as opposed to sending [him] away to prison for at least 15 years." Kirk confirmed that he would consider his "life over" if he was incarcerated for fifteen years.

Kirk's testimony at the plea hearing established he was aware the minimum punishment was fifteen years' imprisonment if the enhancement paragraph was found to be true, was opposed to any incarceration, and wanted probation and treatment for his drug addiction. Accordingly, Kirk has not shown that he was unaware of the consequences of his plea or was misled by the incorrect portion of the admonishment in choosing to enter a plea of guilty. *See Martinez*, 981 S.W.2d at 197; *Luckett*, 394 S.W.3d at 581–82. We resolve Kirk's second issue against him.

*The Cocaine Case*

The trial court's written admonishment in the cocaine case stated the punishment range for the offense was two to twenty years imprisonment and an optional fine not to exceed $10,000, which is the correct punishment range only in the absence of a proved enhancement paragraph. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(a),(c); TEX. PENAL CODE ANN. § 12.33. If the enhancement paragraph was proved true, the range of punishment in the cocaine case was five to ninety-nine years or life imprisonment. *See* TEX. PENAL CODE ANN. §§ 12.32(a), 12.42(b). After finding the enhancement paragraph true, the trial court assessed punishment at thirty-five years' imprisonment.

The trial court's admonishment failed to substantially comply with article 26.13(a)(1) because Kirk's sentence was greater than the range admonished by the court. *See Luckett*, 394 S.W.3d at 581. Failure to comply with article 26.13(a) is non-constitutional error subject to the harm analysis of rule of appellate procedure 44.2(b). *Davison v. State*, 405 S.W.3d 682, 688 (Tex. Crim. App. 2013). Error that does not affect substantial rights must be disregarded. *See* TEX. R.

–6–

APP. P. 44.2(b). We will not reverse unless the record supports an inference that Kirk did not know the consequences of his plea. *See Burnett v. State*, 88 S.W.3d 633, 638 (Tex. Crim. App. 2002). In conducting the harm analysis, we examine the entire record to determine whether, on its face, anything in the record suggests Kirk did not know the range of punishment to which he would be subject if the enhancement allegation were proved true. *See id.*

The critical inquiry in this case is whether the trial court's failure to admonish Kirk about the maximum possible sentence, imprisonment for ninety-nine years or life, materially affected his decision to plead "guilty" to the charge and "true" to the enhancement paragraph. *Id.* at 639. We find nothing in the record to suggest Kirk did not know the range of punishment to which he would be subjected if the enhancement allegation were proved true. *See id.* at 638. Further, Kirk was admonished in the PCP case that the maximum punishment was ninety-nine years' or life imprisonment, a sentence that would be served concurrently with any sentence imposed in the cocaine case. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.132 (West 2010). Even with knowledge of this possible punishment, Kirk pleaded guilty in the PCP case and true to the enhancement because he wanted to request that the trial court place him on probation. On this record, we cannot conclude that knowing he also faced a maximum punishment of imprisonment for ninety-nine years or life in the cocaine case would have influenced Kirk's decision to plead guilty in the cocaine case or true to the enhancement paragraph.

We conclude the trial court's error in failing to admonish Kirk completely on the applicable range of punishment in the cocaine case did not affect his substantial rights. *See* TEX. R. APP. P. 44.2(b); *see also Burnett*, 88 S.W.3d at 638. Accordingly, we resolve Kirk's first issue against him.

*Voluntariness of Pleas*

In his third and fourth issues, Kirk contends the trial court's failure to admonish him on the proper range of punishment in the cocaine and PCP cases rendered his guilty pleas involuntary in violation of his constitutional right to due process. The United States Supreme Court has held that a violation of constitutional due process occurs when a trial court accepts a guilty plea without an affirmative showing "spread on the record" that the guilty plea was voluntary. *See Boykin v. Alabama*, 395 U.S. 238, 242–43 (1969). The Court in *Boykin* did not define what must be "spread on the record" to satisfy due process other than to generally require that a guilty-pleading defendant have a "full understanding" of what his plea connotes and its consequences. *See Aguirre-Mata v. State*, 125 S.W.3d 473, 475 (Tex. Crim. App. 2003). Under *Boykin*, no specific admonishments are necessary. *Id*. As long as the record affirmatively discloses that the defendant's guilty plea was adequately informed, due process is satisfied. *See Davison*, 405 S.W.3d at 690. The voluntariness of the plea can be determined only by considering all the relevant circumstances surrounding it. *See Brady v. United States*, 397 U.S. 742, 749 (1970).

The record shows Kirk's guilty pleas in the cocaine and PCP cases were entered voluntarily and with awareness of the consequences and the rights being waived. In Kirk's signed plea papers, judicial confessions, and stipulations of evidence, which were admitted into evidence at the plea hearing, he waived his right to a trial by jury, consented to the stipulation of the evidence, and waived his rights against self-incrimination, and to appear, confront, and cross-examine witnesses. In the section of each plea agreement titled "Defendant's Statements and Waivers," Kirk affirmed he "underst[ood] the nature of the accusation made against [him,] the range of punishment for such offense, and the consequences of a plea of guilty or nolo contendere." In the section of each plea agreement titled "Signatures and Acknowledgements," Kirk affirmed he understood the admonitions and warnings regarding his rights and his plea, and expressly stated that his

"statements and waivers [were] knowingly, freely, and voluntarily made with full understanding of the consequences."

At the plea hearing, the trial court advised Kirk that, because this was not a plea bargain agreement case, he had a right to appeal "no matter what happens." The trial court asked Kirk if he understood his guilty pleas, pleas of true to the enhancement paragraphs in the relevant indictments, and that the trial court had the full range of punishment available to it. Kirk replied "yes." The trial court also asked Kirk if he was freely and voluntarily pleading guilty to the charges in the indictment, and Kirk replied "yes." Kirk did not object when the trial court imposed its sentences. Moreover, Kirk testified he had been offered a fifteen-year plea bargain and rejected the offer because he wanted to request probation. Kirk testified he sold drugs only to feed his drug addiction, and asked the trial court to place him on probation and send him to a drug addiction treatment program.

Considering the record as a whole, it may be inferred that Kirk did not plead guilty in ignorance of the applicable range of punishment in the cocaine and PCP cases. *See Davison*, 405 S.W.3d at 692. "Nor does the record affirmatively refute the inference, deriving from the appellant's failure to protest when the greater punishment range that was mentioned during the punishment proceedings was actually imposed upon him at sentencing," together with his testimony that he understood the applicable punishment range, "that he must have been aware of his susceptibility to that greater range – even as of the time he entered his guilty plea – despite the trial court's inaccurate admonishment." *Id.* Instead, the record reflects Kirk pleaded guilty hoping the trial court would grant him probation and drug addiction treatment outside of prison.

On this record, we cannot conclude Kirk's guilty pleas were not freely, voluntarily, and intelligently made. *See id.* at 690. Accordingly, Kirk has failed to establish the merits of his due process claim. *Id.* at 692. We resolve Kirk's third and fourth issues against him.

–9–

**Trial Judge's Comments**

In his fifth issue, Kirk argues that, because the trial judge suggested Kirk sold drugs to other defendants who had appeared before the court on drug charges, the trial judge acted as a witness against him. Kirk asserts the trial judge's comments were the "functional equivalent" of testimony in violation of rule of evidence 605. The State responds the trial judge's comments did not constitute witness testimony.

Rule 605 provides, "The judge presiding at the trial may not testify in that trial as a witness. No objection need be made in order to preserve this point." TEX. R. EVID. 605. Kirk argues the trial judge violated rule 605 by stating, "This Court sees everyday folks that come in here that are strung out or addicted on drugs. And to be honest, it is people like you that sell these drugs to these individuals that gives the Court concerns and makes those individuals be addicted or at least assist them being addicted to the various substances that they are addicted to."

The question before us on appeal is whether the trial judge made statements of fact that were the functional equivalent of witness testimony, which violated the rule, or statements that were essential to the exercise of a judicial function, which did not violate the rule. *See Hammond v. State*, 799 S.W.2d 741, 746 (Tex. Crim. App. 1990). Contrary to Kirk's assertions, the record shows the trial judge made the statements in the context of explaining the reasons he imposed a prison sentence rather than placing Kirk on probation. The trial judge recited Kirk's admission that he was a drug dealer and sought to explain why Kirk deserved a longer prison sentence than a mere drug user. We conclude the trial judge's statements were not the functional equivalent of witness testimony and did not violate rule 605. We resolve Kirk's fifth issue against him.

**Mitigating Evidence**

In his sixth issue, Kirk contends the trial court arbitrarily refused to consider mitigating evidence when determining the appropriate punishment in these cases. Kirk argues the

Community Addiction Treatment Services (CATS) evaluation recommended he receive drug addiction treatment, and the trial court erred by assessing significant prison time despite that recommendation. The State responds the trial court properly considered all evidence in assessing Kirk's sentences.

In determining a proper sentence, the trial court must consider all relevant evidence and tailor the sentence to the particular offense and defendant. *See Rogers v. State*, 991 S.W.2d 263, 265 (Tex. Crim. App. 1999).[2] In this case, the trial court stated it would review and consider the CATS evaluation, and it heard and considered Kirk's extensive testimony about his longstanding addiction to drugs and his reasons for selling drugs and possessing a firearm. Nothing in the record shows the trial court did not consider all the evidence presented at the plea hearing. We resolve Kirk's sixth issue against him.

### Modification of Judgments

In his seventh, eighth, and ninth issues, Kirk contends the trial court's judgments should be modified to show there was no plea bargain agreement in each of these cases. In his tenth and eleventh issues, Kirk contends the judgments in the cocaine and PCP cases should be modified to reflect the correct name of the offenses for which he was convicted. The State agrees the judgments should be modified as Kirk requests.

When the record provides the necessary information to correct inaccuracies in the trial court's judgment, we have the authority to reform the judgment to speak the truth. TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993) (courts of appeals have authority to modify a judgment); *Estrada v. State*, 334 S.W.3d 57, 63–64 (Tex. App.—Dallas 2009, no pet.) (same). Here, the record shows Kirk entered open guilty pleas to the charges in the

---

[2] *See also Wilson v. State*, No. 05-10-01362-CR, 2011 WL 6144919, at *2 (Tex. App.—Dallas Dec. 12, 2011, pet. ref'd) (mem. op., not designated for publication).

indictment in each case. The trial court's judgments, however, incorrectly state that punishment was based upon terms of plea bargain agreements. We resolve Kirk's seventh, eighth, and ninth issues in his favor. Further, the record shows Kirk was indicted for and pleaded guilty to possession with intent to deliver cocaine and possession with intent to deliver PCP. The trial court's judgments in the cocaine and PCP cases, however, incorrectly recite the offense. We resolve Kirk's tenth and eleventh issues in his favor.

In Cause No. 05-17-01013-CR, the cocaine case, we modify the section of the judgment entitled "Offense for which Defendant Convicted" to show "Possession with intent to deliver a controlled substance, to wit cocaine," and the section entitled "Terms of Plea Bargain" to show "Open." In Cause No. 05-17-01014-CR, we modify the section of the judgment entitled "Terms of Plea Bargain" to show "Open." In Cause No. 05-17-01015-CR, the PCP case, we modify the section of the judgment entitled "Offense for which Defendant Convicted" to show "Possession with intent to deliver a controlled substance, to wit phencyclidine," and the section entitled "Terms of Plea Bargain" to show "Open." TEX. R. APP. P. 43.2(b); *Bigley*, 865 S.W.2d at 27–28; *Estrada*, 334 S.W.3d at 63–64.

As modified, we affirm the trial court's judgments.


/Robert M. Fillmore/
ROBERT M. FILLMORE
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
171013F.U05

–12–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JAMES CORNELIOUS KIRK, Appellant

No. 05-17-01013-CR            V.

THE STATE OF TEXAS, Appellee

On Appeal from the 194th Judicial District Court, Dallas County, Texas,
Trial Court Cause No. F16-59404-M.
Opinion delivered by Justice Fillmore,
Justices Francis and Whitehill participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

The section entitled "Offense for which Defendant Convicted" is modified to show "Possession with intent to deliver a controlled substance, to wit: cocaine."

The section entitled "Terms of Plea Bargain" is modified to show "Open."

As modified, we **AFFIRM** the trial court's judgment.

Judgment entered this 27th day of July, 2018.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JAMES CORNELIOUS KIRK, Appellant

No. 05-17-01014-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 194th Judicial District Court, Dallas County, Texas,
Trial Court Cause No. F16-59405-M.
Opinion delivered by Justice Fillmore,
Justices Francis and Whitehill participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

The section entitled "Terms of Plea Bargain" is modified to show "Open."

As modified, we **AFFIRM** the trial court's judgment.

Judgment entered this 27th day of July, 2018.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JAMES CORNELIOUS KIRK, Appellant

No. 05-17-01015-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 194th Judicial District Court, Dallas County, Texas,
Trial Court Cause No. F16-59406-M.
Opinion delivered by Justice Fillmore,
Justices Francis and Whitehill participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

The section entitled "Offense for which Defendant Convicted" is modified to show "Possession with intent to deliver a controlled substance, to wit: phencyclidine."

The section entitled "Terms of Plea Bargain" is modified to show "Open."

As modified, we **AFFIRM** the trial court's judgment.


Judgment entered this 27th day of July, 2018.